| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.    **CV 12-147-JFW (SSx)** | Date:  March 27, 2012 |

Title:    Louis Feinstein -v- Ocwen Loan Servicing, LLC

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly<br>Courtroom Deputy | None Present<br>Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

**PROCEEDINGS (IN CHAMBERS):**    ORDER REMANDING ACTION TO VENTURA COUNTY SUPERIOR COURT

   On November 30, 2011, Plaintiff Louis Feinstein ("Plaintiff") filed a Complaint in Ventura County Superior Court.  On January 6, 2012, Defendant Ocwen Loan Servicing, LLC ("Defendant") filed a Notice of Removal.

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

   Under CAFA, a federal district court has subject matter jurisdiction over a class action in which: (1) there are 100 or more proposed class members; (2) at least some of the members of the proposed class have a different citizenship from the defendant; and (3) the aggregated claims of the proposed class members exceed the sum or value of $5,000,000.  *See* 28 U.S.C. § 1332(d).  "'[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction.'"  *Lowdermilk v. U.S. Bank National* Ass'n, 479 F.3d 994, 997 (9th Cir. 2007) (quoting *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (per curiam)); *see also Rodgers v. Central Locating Service, Ltd.*, 412 F. Supp. 2d 1171 (W.D. Wash. 2006) (strong presumption against removal applies to cases removed under CAFA).  When

the complaint does not specify the amount of damages sought, as in this case, the removing defendants must prove by a preponderance of the evidence that the amount in controversy requirement has been met.  See *Abrego Abrego*, 443 F.3d at 683.  To make this determination, the court should consider, in addition to the complaint itself, "facts in the removal petition and . . . summary judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* at 690 (quoting *Singer v. State Farm Mutual Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997) (internal quotations omitted)).

For purposes of CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  28 U.S.C. § 1332 (d)((10); *see, e.g., Marroquin v. Wells Fargo, LLC*, 2011 WL 476540, *2 (S.D. Cal. Feb. 3, 2011).  However, in its Notice of Removal, Defendant has failed to allege either where its principal place of business is or the state under whose laws it is organized.  Therefore, this Court cannot determine if the minimal diversity requirements of CAFA are met.

Accordingly, this action is **REMANDED** to the Ventura County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.